IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>INSTITUTO MEDICO DEL NORTE, INC.<br><br>    Debtor | CASE NO.  13-08961 (ESL)<br><br>CHAPTER  11 |
| INSTITUTO MEDICO DEL NORTE, INC.<br><br>    Plaintiff<br><br>      vs.<br><br>CONDADO 7, LLC<br><br>    Defendant | ADV. PROC. NO.  21-00033(ESL) |

OPINION AND ORDER

The instant adversary proceeding is before the court upon the motion for summary judgment filed by the plaintiff/debtor, Instituto Medico del Norte, Inc. ("Instituto") (dkt. #76), the opposition filed by defendant Greengift Capital, LLC ("Greengift"), substituted defendant of action against Condado 7 LLC ("Condado") (dkt. #107); as supplemented by Instituto (dkt. #132 and 133), and Greengift (dkt. #134), in compliance with this court's minute order at hearing held on January 21, 2022 (dkt. #124).  The court notes that the subject matter before the court has been the subject of orders entered on October 22, 2021 (dkt. #62) and January 27, 2022 (dkt. #124), which are incorporated to this order.

Instituto realleges its contention that the stipulation between the debtor (Instituto) and Oriental Bank ("Oriental"), as well as the confirmed plan, provide that the portion of the credit in the amount of $3,585,388.53 does not generate interest.  Instituto states that the main purpose of the supplement is to provide the court with newly acquired evidence that confirm its allegations.

-1-

Instituto claims that the newly acquired evidence stems from disclosures recently provided by Oriental.

Greengift opposes the supplement by Instituto also realleging its previous position.  In addition, Greengift states that Instituto has not submitted Oriental's Workout Plan Proposal dated August 24, 2015, which Instituto avers serves as basis for its contention. Greengift stresses that the stipulation, the confirmed plan, and the referred 1991 agreement, which was not produced, do not sustain Instituto's claim that the amount of $3,585,388.53 does not generate interest.

Greengift further states that at the status conference held on January 21, 2022, the Court "expressed concerns... as to the allegations in the complaint, namely, when, why and by whom Instituto determined that the payments were not being applied as agreed to in the stipulation with Oriental and the confirmed plan; and as to the specific part of the 1991 agreement ... providing for a no interest-bearing note" . . . and Instituto has failed to answer the court's concerns, only alleging that the stipulation and the plan are clear.  Greengift's answer is that what is clear is that neither the stipulation nor the confirmed plan includes a provision that a portion of the proof of claim filed would not accrue interest.

Standard of Motion for Summary Judgment

The court restates the summary judgment standard it applied in the order entered on October 22, 2021 (dkt. #21).

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a

question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions, and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159, 90 S.Ct. 1598.

Standard of Motion to Dismiss

The court restates the summary judgment standard it applied in the order entered on October 22, 2021 (dkt. #21).

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings through Bankruptcy Rule 7012(b), the court must determine whether a complaint states a plausible claim. "The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Lugo Alejandro v. Betancourt (In re Betancourt), 2021 Bankr. LEXIS 298 (Bankr. D.P.R. Feb. 8, 2021); Vélez Arcay v. Banco Santander de P.R. (In re Vélez Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities,

Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012).  Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679.  "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim."  Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6).  Step one: isolate legal conclusions.  Step

two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9-10 (Bankr.D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012).

"Simply because the court is hesitant to dismiss a claim in the early sta[g]es of litigation, however, does not mean that there are not circumstances where the court can and should act. Rule 12(b)(6) weeds out those allegations that, even with further factual development, will never grow into sustainable claims under the law." Arruda v. Sears, Roebuck & Co., 273 B.R. 332, 340 (D.R.I. 2002). As the First Circuit has stated, "in the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but 'not entirely … toothless.'" Correa v. Arrillaga, 903 F.2d 49, 52 (1st Cir. 1990), quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989).

Consideration of a motion to dismiss requires the court to assume the truth of all well-plead facts and give the benefit of all reasonable inferences therefrom. A complaint that states a claim plausible on its face survives a motion to dismiss. Banco Santander P.R. v. P.R. Hosp. Supply, Inc. (In re P.R. Hosp. Supply, Inc.), 617 B.R. 181, 191 (Bankr. D.P.R. 2020).

Factual background

The court incorporates the factual background it set forth in the minutes of the hearing held on January 21, 2022 (dkt. #124) as it remains essentially unaltered, except for the supplemental briefs.

On October 20, 2013, Debtor-Plaintiff filed a voluntary Chapter 11 bankruptcy proceeding. On May 1, 2014, Oriental Bank ("Oriental"), Condado's predecessor in interest, filed Proof of Claim No. 50-3 ("Proof of Claim No. 50-3" or the "Claim") in the secured amount of $8,951,814.92 and interest at a fixed annual rate of 5.98%. The proof of claim stands unopposed.

On August 31, 2015, the Debtor-Plaintiff and Oriental filed a Joint Amendment to Proposed Plan (the "Stipulation", Lead Case, ECF No. 491) for treatment for Oriental's Proof of Claim No. 50-3 as follows:

Class 7- The allowed secured claim of Oriental, is currently being paid $75,069.00 per month according to a payment plan agreed upon in 1991. This Plan proposes to restructure the balance of the allowed secured claim to be amortized in a 19.25-year term with interest at the annual rate of 5.98% with a monthly payment of $60,000 for a six (6) month period from the effective date of the plan; thereafter a monthly payment of $75,069.00 for a period of fifty-four (54) months with a[n] amortization as agreed in 1991. Debtor's guarantee to Oriental will remain unaltered, retaining its perfected security interest on Debtor's real estate, accounts receivable and medical and hospital equipment until full satisfaction of its claims. Debtor shall be granted 30 days after notice by the bank of a payment default, to cure the same and continue within the terms of this agreement.

On July 1, 2016, the Debtor-Plaintiff filed a Plan of Reorganization which was confirmed on July 26, 2016. The Plan classified Oriental's claim under Class 7 as follows:

"Oriental filed Proof of Claim #50-3, as amended, for $8,951,814.92 as of May 1, 2014, instead of October 30, 2013 the date of the filing of the petition. Debtor has been paying $75,069.00 per month as adequate protection, to reduce principal since the filing of the petition. As of the date of this Second Amended Plan the Debtor has paid $2,252,070.00 adequate protection and expects to pay another $225,207.00 (3 months) prior to the effective date of the Plan. The expected balance as of the effective date of the plan is $6,757,734.79… A settlement agreement was reached with Oriental as to the manner in which this creditor will be paid. The settlement was approved by this Hon. Court and its terms and conditions are made part of the treatment for this creditor under the Plan."

The Plan provides the following as to Oriental's actual repayment treatment:

CLASS 7 - The allowed secured claim of Oriental is currently being paid $75,069 per month according to a payment plan agreed upon in 1991. This Plan proposes to restructure the balance of the allowed secured claim to be amortized in a 231-monthly term with interest at the annual rate of 5.98%. Monthly installments of $60,000.00, including principal and interest, will commence at the Effective Date of the Plan for six months, and then 54 monthly payments of $75,069.00. The remaining balance will be due in a balloon payment 30 days thereafter. Debtor's guarantee to ORIENTAL will remain unaltered, retaining its perfected security interest on Debtor's real estate, accounts receivable and medical and hospital

equipment until full satisfaction of its claim. See Summary of Claims and Plan Payments attached hereto as Exhibit A-1.

On December 13, 2016, a final decree was entered, and the bankruptcy case was closed. On April 1, 2021, the Debtor moved to reopen the case.  The request was granted.

On April 1, 2021, the instant adversary proceeding was filed.  Plaintiff alleges that defendants failed to apply payments on the loan subject to POC 50 in accordance with the terms of a stipulation between the parties and the confirmed plan.

On October 22, 2021 (dkt. # 62) the court entered an order which stated and concluded as follows:

Discussion:

After due consideration of all the motions before the court, in light of the uncontested facts, the court concludes that the bottom-line of this case hinges on one factual issue. The question is: Have the payments made by Instituto to Oriental/Condado been credited and applied by Oriental/Condado to the restructured allowed secured claim in accordance with the amortization provided for in the Amended Chapter 11 plan filed on July 1, 2016 (dkt. #632 in bankruptcy case), confirmed on July 26, 2016 (dkt. #638 in bankruptcy case), which incorporates the stipulation with Oriental Bank (dkt. #491 in bankruptcy case), approved on September 28, 2015 (dkt. #513 in the bankruptcy case)?

The above factual question is the key to the amended complaint.  Instituto has the burden of establishing that they have not been made accordingly.  The conclusory allegations in the complaint do not clearly establish the failure nor the extent of the alleged misapplication.  Condado alleges that all payments have been correctly applied in accordance with the confirmed plan and the stipulation. However, the details of such compliance are not before the court. The answer to the question does not require conducting discovery at this juncture.

The determination of the above moves the court to consider the matter through a motion for summary judgment as it is fact-based, and the dispositive data

is not before the court. The analysis must be based on three factors. First, determine how the payments should have been made and applied as set forth in the confirmed plan. Second, provide a detail of the payments made. Third, provide a detail of how the payments were applied and the balance owed after each payment.

Conclusion:

In view of the foregoing, the court orders Instituto to move the court within 21 days stating with particularity and detailed account all payments made under the plan to Oriental/Condado and the corresponding balance on the account after each payment. Documentation in support of the statements is required. The court notes that such basic accounting should have been in plaintiff's possession before filing the complaint, as it is the basis for the causes of action in the same. Not having the evidence may raise the inference of intended delay if the payments were not actually made. The court grants Condado 21 days thereafter to reply or oppose Instituto's claim.

Past History

The court incorporates the history it set forth in the minutes of the hearing held on January 21, 2022 (dkt. #124).

The history concerning the controversy before the court dates back to 1984 when the Debtor, Instituto, obtained a loan from Ponce Bank in the approximate amount of $14,000,000.00. On February 13, 1987, Instituto filed a Chapter 11 petition, Case number 87-00260, and on February 20, 1987, filed an adversary proceeding challenging the validity of Ponce Bank's mortgage, AP 87-00023. On April 8, 1991, the court approved Instituto's motion for voluntary dismissal. On September 8, 1993, judgment was entered in AP 87-00023 in accordance with the settlement agreement filed between the parties on February 19, 1991.

Ponce Bank's loan has been transferred since 1984 sequentially to the following financial institutions: Banco Bilbao Vizcaya Argentaria, Oriental Bank, Condado 7, LLC, and now, Greengift. Instituto accepts that there are moneys owed as of December 2020, but limited to

$3,854,581.34, and not the $4,544,070.39 claimed by Condado 7.  In sum, more than 37 years have lapsed since the original loan and there is still a balance owed.

<u>Discussion</u>

As has been stated  several times by the court, the issue before the court is whether the payments made by Instituto have been credited and applied to the restructured allowed secured claim  in accordance with the Amended Chapter 11 plan filed on July 1, 2016 (dkt. #632 in bankruptcy case), confirmed on July 26, 2016 (dkt. #638 in bankruptcy case), which incorporates the stipulation with Oriental Bank (dkt. #491 in bankruptcy case), approved on September 28, 2015 (dkt. #513 in the bankruptcy case). Instituto has the burden of establishing that they have not been made accordingly.

In its Opinion and Order of October 22, 2021 (dkt. #62) the court found that the "conclusory allegations in the complaint do not clearly establish the failure nor the extent of the alleged misapplication."  The court also concluded that the "determination of the above moves the court to consider the matter through a motion for summary judgment as it is fact-based, and the dispositive data is not before the court. The analysis must be based on three factors. First, determine how the payments should have been made and applied as set forth in the confirmed plan.  Second, provide a detail of the payments made. Third, provide a detail of how the payments were applied and the balance owed after each payment."

Instituto has failed to present to the court evidence or reasonable support for its allegation that the stipulation between the debtor (Instituto) and Oriental Bank ("Oriental"), as well as the confirmed plan, provide that the portion of the credit in the amount of $3,585,388.53 does not generate interest.  Moreover, even if the $3,585,388.53 did not generate interest at some point in time, Instituto has failed to provide evidence that it has complied with the payments as provided for in the confirmed plan and the stipulation. Conclusory allegations do not suffice. On the other hand, assuming the truth of all well-plead facts in the amended complaint and giving the benefit of all reasonable inferences therefrom, the court concludes that the complaint does not plead a

plausible claim as it is based on conclusions not supported by the facts. Plaintiff Instituto has had a reasonable opportunity to fill the factual gap and has been unable to do so.

Conclusion:

In view of the foregoing, Instituto's motion for summary judgment is hereby denied, and Greengift's motion to dismiss is hereby granted.

Judgment will be entered dismissing the complaint.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of March 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-